IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HELEN BROWN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARRIOTT INTERNATIONAL, INC., D/B/A EVERGREEN MARRIOTT CONFERENCE RESORT,<br><br>　　　　　　Defendant. | 1:04-cv-3255-WSD |

**OPINION AND ORDER**

This is an employment discrimination action filed by Plaintiff Helen Brown ("Plaintiff") against Defendant Marriott International, Inc., d/b/a Evergreen Marriott Conference Resort ("Defendant"). It is before the Court on the Magistrate Judge's Report and Recommendation [38] on Defendant's Motion for Summary Judgment [18] and the Magistrate Judge's Order [38] on Defendant's Motion to Strike [29]. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, de novo review of the portions of the Magistrate Judge's Report and Recommendation to which Defendant has objected. The Court has reviewed the remainder of the Magistrate Judge's Report

and Recommendation for plain error. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

## I. BACKGROUND

### A. Factual Background

The Magistrate Judge's Report and Recommendation ("R&R") includes a detailed discussion of the relevant facts, both in its Statement of Facts and throughout the opinion. Plaintiff expressly adopts the Magistrate Judge's Statement of Facts, and, finding no plain error, the Court adopts them as set out in the R&R. (<u>See</u> Pl.'s Objections at 3.)[1]

### B. Procedural History

Plaintiff filed her Complaint on November 11, 2005, alleging that Defendant refused to hire her because of (i) her race, in violation of 42 U.S.C. § 1981, and (ii)

---

[1] The Court has reviewed the affidavit of Rodney Leachman. (Leachman Aff., attached to Pl.'s Statement of Material Facts [26].) In the Statement of Facts, which Plaintiff adopts in its entirety, the Magistrate Judge considered, and discussed, Mr. Leachman's factual assertions. The Court is not persuaded by Mr. Leachman's statement that "Helen Brown's not getting hired at the Evergreen Conference Resort was race and age discrimination." (Leachman Aff. ¶ 13.) This assertion by a former employee is conclusory and not credible here where Plaintiff has expressly abandoned her claim for age discrimination.

her age, in violation of the Age Discrimination in Employment Act (the "ADEA"). The parties completed discovery and, on September 12, 2005, Defendant filed its Motion for Summary Judgment. Plaintiff filed her response to Defendant's motion on October 3, 2005 [23], and Defendant replied on October 18, 2005 [32].

On October 14, 2005, Defendant filed its Motion to Strike evidence attached to Plaintiff's Response to Defendant's Motion for Summary Judgment [29], Plaintiff filed her response to this motion on October 26, 2005 [33] and Defendant replied on November 10, 2005 [36].

On June 15, 2006, the Magistrate Judge issued her R&R, granting in part Defendant's Motion to Strike and recommending the Court grant summary judgment for Defendant on Plaintiff's claims. On June 28, 2006, Plaintiff filed her Corrected Objections to the Magistrate Judge's R&R ("Plaintiff's Objections") [40], and Defendant responded to Plaintiff's Objections on July 7, 2006 [41].

**II.   DISCUSSION**

    A.   The Magistrate Judge's R&R

Plaintiff claims Defendant refused to hire her because of her race, in violation of 42 U.S.C. § 1981, and because of her age, in violation of the ADEA. Defendant moved for summary judgment on Plaintiff's claims on the grounds that Plaintiff

could not establish Defendant's legitimate, nondiscriminatory reason for its action was a pretext for unlawful discrimination. Plaintiff argued summary judgment on her claims was unwarranted. Plaintiff argued that Defendant's proffered reason is pretext for race and age discrimination because (i) Defendant's human resources specialist deviated from corporate policy, (ii) the specialist's assessment of Plaintiff's hospitality skills is subjective and unsupported by evidence, (iii) Defendant did not hire any black person to work as a Room Service Server between April 2001 and December 2003, and (iv) Plaintiff is more qualified than the individual hired to fill the Room Service Server position. (R&R at 6.)

The Magistrate Judge concluded Plaintiff did not put forth sufficient evidence of pretext to avoid summary judgment.[2] (R&R at 17-27.) The Magistrate Judge also granted in part Defendant's motion to strike because Plaintiff failed to authenticate Exhibit 6. The Magistrate Judge's decision is thorough and well-

---

[2] The Magistrate Judge set out in her R&R the standard for evaluating a motion for summary judgment. Plaintiff's objection to the Magistrate Judge's summary judgment standard is more properly considered as part of her objection to the Magistrate Judge's pretext analysis. (See Pl.'s Objections at 3-6 (describing a plaintiff's burden to demonstrate a defendant's reason for its actions was pretextual).) Accordingly, the Magistrate Judge's statement of the summary judgment standard is adopted and applied by the Court.

reasoned and, except as specifically noted in this Order, her analysis is adopted by the Court.[3]

B.     Plaintiff's Objections to the R&R

1.     *Defendant's Motion to Strike*

The Court reviews the Magistrate Judge's ruling on Defendant's Motion to Strike under a clearly erroneous standard.  See Fed. R. Civ. P. 72(a) (stating that for nondispositive matters "[t]he district judge . . . shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law").  Defendant moved to strike Exhibit 6, an April 13, 2004 letter from Defendant's EEO Compliance Manager to an Investigator at the EEOC (the "Letter"), which Plaintiff submitted in support of her Response to Defendant's Motion for Summary Judgment, because it is not authenticated or otherwise admissible.[4]  (Def.'s Mot. to Strike at 9-10; Ex. 6 to Pl.'s Resp. to

---

[3] Neither party objected to the Magistrate Judge's determination that summary judgment on Plaintiff's age discrimination claim is warranted.  (See Pl.'s Objections at 6 ("The Plaintiff concedes that she cannot prevail on her Age Discrimination Claim[] and hereby abandons it.").)  Finding no plain error, the Court ADOPTS the Magistrate Judge's R&R with respect to Plaintiff's ADEA claim and Defendant's motion for summary judgment on this claim is GRANTED.

[4] Plaintiff did not object to the Magistrate Judge's ruling on the remainder of Defendant's Motion to Strike, and the Court finds it was not clearly erroneous.

Def.'s Mot. for Summ. J.)  Plaintiff argued in response that the author of the Letter would be available at trial and because it is a letter authored and issued by the EEOC the letter would be authenticated at trial.  (Pl.'s Resp. to Def.'s Mot. to Strike at 5-6, 13.)

The Magistrate Judge determined that "the failure of Plaintiff to attach an affidavit or deposition testimony to Exhibit 6 authenticating the document precludes the Court from considering it when addressing Defendant's motion for summary judgment."  (R&R at 4.)  Plaintiff objects to this finding.  The parties' arguments on this issue are substantially the same as those presented in their original briefs.[5]

As the Magistrate Judge correctly noted, Plaintiff could easily have authenticated this piece of evidence by submitting testimony of its authenticity.

---

[5] Defendant contends that Exhibit 6 should be stricken even if the Court disagrees with the Magistrate Judge's conclusion regarding authentication because the Letter was an informal attempt to settle Plaintiff's allegations.  (Def.'s Resp. to Pl.'s Objections at 2-5.)  See Fed. R. Evid. 408.  The Court will not consider this argument which was not presented in Defendant's Motion to Strike.  See, e.g., United States v. Ga. Dep't of Natural Res., 897 F. Supp. 1464, 1471 (N.D. Ga. 1995) ("This court will not consider arguments raised for the first time in a reply brief.").  The Court notes the relevant portions of the Letter do not concern conciliation and simply set forth factual information and Defendant's position on the merits of Plaintiff's claim.

"Absent such sworn testimony, a court deciding a summary judgment motion does not know that a particular piece of evidence is what it purports to be." (R&R at 5.) See also Fed. R. Civ. P. 56(e).  There is no specific information to confirm that Exhibit 6 originated from the EEOC's file and the exhibit has not been authenticated.  However, Plaintiff's statement that it received the Letter from the EEOC, (Pl.'s Resp. to Def.'s Mot. to Strike at 13; Pl.'s Objections at 2), is not contradicted by Defendant.  Plaintiff's representation to the Court as to the origin of the document, coupled with the Court's belief the Letter would be authenticated at trial, leads the Court to conclude there is a sufficient basis for the Court to consider the Letter in connection with Defendant's Motion for Summary Judgment. See Fed. R. Civ. P. 11(b).

In her Objections to the R&R, Plaintiff does not argue that the Letter affects the analysis of whether summary judgment is appropriate -- Plaintiff simply argues the Magistrate Judge's evidentiary ruling was incorrect.  (See Pl.'s Objections.)  In fact, Plaintiff adopts in its entirety the Magistrate Judge's Statement of Facts, which discusses topics addressed in the Letter.  (See Pl.'s Objections at 3; R&R at 9-11, n.3.)  In Plaintiff's Response to Defendant's Motion for Summary Judgment, she argues the Letter is relevant because it demonstrates Ms. Buchanan deviated from

corporate policy when she conducted Plaintiff's initial screening.  (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 5-6, 13, 15, 18.)  The Letter and Ms. Buchanan's alleged deviation from corporate policy will be discussed in the Court's analysis of pretext, *infra*.

      2.    *Pretext*

Defendant claims it did not consider Plaintiff for the Room Service Server position after her initial screening because Ms. Buchanan, the Director of Human Resources at the hotel, after interviewing Plaintiff, determined that Plaintiff lacked the hospitality skills essential to the job for which Plaintiff applied.  "To survive summary judgment, the plaintiff must . . . present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext.  Mere conclusory allegations and assertions will not suffice."  Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).  The Magistrate Judge reviewed thoroughly Plaintiff's alleged evidence of pretext and concluded this evidence failed to cast sufficient doubt on Defendant's proffered reason to permit a reasonable factfinder to conclude the employer was motivated by racial animus.

Plaintiff claims the Magistrate Judge erred because (1) she erroneously based her decision, in part, on Plaintiff's admission that Ms. Buchanan concluded that

Plaintiff lacked the hospitality skills necessary for the position, (Pl.'s Objections at 6-7; R&R at 20-21), and (2) Plaintiff contends she was more experienced than the individual hired, and, therefore, the decisionmakers must have declined to hire Plaintiff because she is black. That is, Plaintiff argues "the most highly qualified employee (the Plaintiff) was not hired and failure to do so must have been discriminatory." (Pl.'s Objections at 4.)[6] [7] The Court considers the Letter to determine if pretext is demonstrated by Ms. Buchanan's purported deviation from corporate policy.

---

[6] In fact, Plaintiff makes clear that a comparison of her qualifications with those of Aimee Anderson, the person hired instead of Plaintiff, is the basis for her discrimination claim. Plaintiff states:
> The Plaintiff's belief that she was discriminated against because of her race and age is *based only* on the fact that if you place her application along side [sic] the application of Aimee Anderson, there is no comparison and to say that the Plaintiff lacked hospitality skills when Aimee Anderson did not is preposterous and racist and this Court ought not to be a party to it.

(Pl.'s Resp. to Def.'s Mot. for Summ. J. at 16-17 (emphasis added).)

[7] Plaintiff does not object to the Magistrate Judge's rejection of her argument that pretext is demonstrated by Plaintiff's allegation that Defendant did not hire any black person to work as a Room Service Server between April 2001 and December 2003. The Magistrate Judge's rejection of Plaintiff's argument is well reasoned and correct. (See R&R at 21-23.)

To establish pretext, Plaintiff must demonstrate that race more likely than not was the reason for Defendant's failure to hire her, or show that Defendant's explanation is not worthy of belief.  "In evaluating a summary judgment motion, '[t]he district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'"  Jackson v. Alabama State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir.1997)).  To establish pretext by demonstrating Plaintiff was more qualified for the position than the person who was actually promoted, Plaintiff must demonstrate "that disparities in qualifications [were] of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for

the job in question." Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004).[8]

Plaintiff argues the Magistrate Judge erred in basing her decision, in part, on Plaintiff's admission that Ms. Buchanan concluded that Plaintiff lacked the hospitality skills necessary for the position. Plaintiff essentially argues that it was impermissible for the Magistrate Judge to consider Plaintiff's testimony that she believed Ms. Buchanan had concluded Plaintiff was not qualified. Plaintiff then attacks Ms. Buchanan's hiring conclusion by stating Plaintiff's belief she was better qualified for the position than the person hired. (Pl.'s Objections at 6-7.)

---

[8] In Ash v. Tyson Foods, Inc., 126 S. Ct. 1195, 1197 (2006), the Supreme Court recently questioned the Eleventh Circuit's articulation of the standard for determining whether the asserted nondiscriminatory reasons for defendant's employment decisions were pretextual. The Supreme Court specifically found the standard requiring plaintiff to demonstrate pretext by showing a disparity in qualifications "so apparent as virtually to jump off the page and slap you in the face" to be "unhelpful and imprecise." Ash, 126 S. Ct. at 1197 (quoting Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004)). This Court believes the standard it applies here, and that applied by the Magistrate Judge, to be consistent with the standard approved by the Supreme Court in Ash and otherwise is the appropriate standard for reviewing an employer's business decisions. See, e.g., Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination.").

Plaintiff's changing beliefs are not relevant.  The question for the Court is whether the proffered evidence supports that Defendant honestly concluded that Plaintiff was not fit for the position because she lacked the necessary hospitality skills.

Plaintiff did not refute that Ms. Buchanan concluded Plaintiff lacked hospitality skills and Plaintiff does not contest that hospitality skills are undisputedly critical to the job in question.  The Magistrate Judge properly -- and in fact necessarily -- considered whether Defendant, without pretext, determined Plaintiff did not have the hospitality skills required.  It was relevant and appropriate for the Magistrate Judge to evaluate the evidence in this issue when she evaluated Plaintiff's claims.[9]  See Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1989) (noting the relevant inquiry is not whether the stated reason is, in fact, true; "our inquiry is limited to whether the employer gave an honest explanation for its behavior").

In objecting to the Magistrate Judge's R&R, Plaintiff relies primarily on her assessment that her qualifications are superior to those of the applicant ultimately

---

[9] Plaintiff's admission was only one part of the Magistrate Judge's thorough analysis of Plaintiff's evidence of pretext.  The Magistrate Judge analyzed each of Plaintiff's proffers of evidence of pretext and determined that Plaintiff failed to establish pretext.

hired for the position. Plaintiff's evidence regarding her relative qualifications is the same evidence relied on by Plaintiff in her Response to Defendant's Motion for Summary Judgment, and Plaintiff's Objections in large part simply repeat the arguments she made in her response. Having considered carefully the parties' submissions on this issue, the Court agrees with the Magistrate Judge's conclusions set out in the R&R that Plaintiff's allegations regarding her qualifications are insufficient to find that Defendant's legitimate, nondiscriminatory reason is a pretext for race discrimination. (R&R at 23-25.)

Finally, the Court considers the Letter and whether it is sufficient evidence to establish pretext. As noted above, Plaintiff fails to articulate in her Objections the implication of the Magistrate Judge's alleged error in failing to consider the Letter. In the Letter, Defendant's EEO Compliance Manager describes the interview process for the position at issue here. She states:

> The initial screening is merely reviewing the application with the applicant to ensure that it is filled out correctly and briefly discussing the position the candidate is applying for. Once it is determined applicant meets minimum qualifications, which Brown did meet minimum qualifications, the candidate is contacted to schedule an IVR (a validated interaction assessment inventory) that is given to applicants to determine their hospitality skills . . . .

(Ex. 6 to Pl.'s Resp. to Def.'s Mot. for Summ. J.)  Although the Magistrate Judge granted Defendant's motion to strike the Letter, she nonetheless addressed the issue of whether Ms. Buchanan deviated from corporate policy, and, if she did, whether such deviation establishes discriminatory animus.[10]  (R&R at 25-28.)  Having reviewed the parties' arguments, and the content of Letter, the Court agrees with the Magistrate Judge's conclusions that Plaintiff's allegations regarding Ms. Buchanan's alleged deviation from corporate policy are insufficient to find that

---

[10] The Letter also states Plaintiff was not considered for a second interview because her application "was erroneously not placed in the consideration category to be scheduled for the IVR."  (Ex. 6 at 2.)  This statement differs from Defendant's stated reason for deciding not to hire Plaintiff -- that she lacked hospitality skills.  The Letter in question was written by Defendant's EEO Compliance Manager.  Plaintiff has not submitted evidence regarding the compliance manager's knowledge of the decision not to hire Defendant, her investigation into this matter, or the basis for her statements in the Letter. Ms. Buchanan's consistent position has been that she determined Plaintiff lacked hospitality skills.  That another reason was set forth in the Letter does not demonstrate pretext.  See Tidwell v. Carter Prods., 135 F.3d 1422, 1428 (11th Cir. 1998) ("[T]he existence of a possible additional non-discriminatory basis for [Plaintiff]'s termination does not, however, prove pretext.").  Here, the Court has examined the Letter and Defendant's decisionmaker's stated reasons for Defendant's decision not to hire and finds the reasons are not inconsistent and do not demonstrate pretext.  The Court notes specifically the decisionmaker here was Ms. Buchanan and she has been unequivocal and consistent in her position that Plaintiff's hospitality skills did not meet Defendant's minimum standards to even invite her to the second stage of the interview process.

Defendant's legitimate, nondiscriminatory reason is a pretext for race discrimination.  Accordingly, the Court finds Plaintiff has failed to show that Defendant's legitimate, nondiscriminatory reason for its decision not to hire Plaintiff is pretext for race discrimination.

### III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation with regards to its recommendation that Defendant's Motion for Summary Judgment be granted.  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant.

**SO ORDERED** this 31st day of July, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE